REISSUED FOR PUBLICATION
AUGUST 22, 2019
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 25, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CAMILA DO ESPIRITO SANTO, | * | No. 18-1725V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | Decision; Motion to Amend Case |
| SECRETARY OF HEALTH | * | Caption; Miscarriage; Measles— |
| AND HUMAN SERVICES | * | Mumps— Rubella ("MMR") |
| | * | Vaccine; Influenza ("flu") Vaccine |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Camila do Espirito Santo*, *Pro Se*, San Jose, CA.
*Mallori B. Openchowski*, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON PETITIONER'S MOTION TO AMEND CASE CAPTION[1]

On February 21, 2019, Camila do Espirito Santo ("Petitioner") moved to amend the case caption to assert a claim "on behalf of her unborn child[.]" Pet'r's Mot. to Amend Caption, ECF No. 13. After careful consideration, I deny Petitioner's motion.

### I.     Procedural History

On November 5, 2018, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleges that she suffered from "injuries affecting the health of her fertility, such as death of *in utero* child

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet**. As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3578, codified as amended, 42 U.S.C. 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). For ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(missed abortion),[3] and subsequent severe preeclampsia[]" as a result of the Measles—Mumps—Rubella ("MMR") and influenza ("flu") vaccines she received on October 15, 2016. Pet. at 1, ECF No. 1. Unbeknownst to Petitioner, she was pregnant at the time she received the vaccines in question and she suffered a miscarriage on November 23, 2016. *Id.*; *see also* Pet'r's Ex. 8 at 2 (documenting Petitioner's seven-week intrauterine pregnancy).

On February 21, 2019, Petitioner submitted a motion to amend the case caption. ECF No. 13. She requested that the caption read "CAMILA DO ESPIRITO SANTO, and Camila do Espirito Santo on behalf of her unborn child, Petitioners[]" to match her initial claim. *Id.* Petitioner argued that under the Unborn Victims of Violence Act ("UVVA"), a "'child *in utero* [is] a member of the species Homo sapiens, at any stage of development, who is carried in the womb[]'" and should therefore be included in the caption. *Id.* (quoting 18 U.S.C. § 1841). She also noted that because a dilation and curettage ("D&C")[4] procedure was required due to her "diagno[sis] of missed abortion . . . the authorization given by . . . Petitioner for such procedure does not represent consent to a [D&C]." *Id.*

On March 11, 2019, Respondent filed his response to Petitioner's motion. Resp't's Response, ECF No. 15. Respondent argued that Petitioner's motion should be denied for two reasons. *Id.* at 3. First, because the Vaccine Act allows for only one claim per petition, Petitioner must bring a separate petition "to the extent [P]etitioner has a legal basis on which to bring a claim on behalf of a new claimant[.]" *Id.* Second, although the Vaccine Act allows claims to be filed on behalf of children who have suffered injuries resulting from maternal immunizations, those children must be born alive. *Id.* Respondent argued that because Petitioner's child was not born alive, Petitioner's motion to amend the case caption to "add her unborn child as a petitioner [t]herein must be denied." *Id.* at 5.

On March 18, 2019, Petitioner submitted a reply to Respondent's response. Pet'r's Reply, ECF No. 16. Petitioner argued that the language of the Vaccine Act should be interpreted in accordance with the language of the UVVA. *Id.* at 1. She stated that the definition of "child" used by the Vaccine Act should be expanded to include the definition of "child" under the UVVA. *See id.* at 2. She argued that the Vaccine Act should not "value[] some lives above others[,]" and she reiterated her motion's intent to "defend the rights of the unborn child[.]" *Id.* at 2–3. Petitioner also asserted that "both mother and unborn child are equal victims of [the vaccine] injury" and that her claim applies to "both injured people[.]" *Id.* at 3. This matter is now ripe for adjudication.

---

[3] Missed abortion is defined as the "retention in the uterus of an abortus that has died, indicated either by cessation of growth . . . or by actual diminution of its size." *Dorland's Illustrated Medical Dictionary* 4 (32nd ed. 2012) [hereinafter "*Dorland's*"]. An abortus is "a fetus weighing less than 500 g . . . or being of less than [twenty] completed weeks' gestational age at the time of expulsion from the uterus, having no chance of survival." *Id.* Missed abortion is synonymous with spontaneous abortion, which "occur[s] naturally" and is "popularly known as miscarriage." *Id.* To avoid confusion, the term miscarriage is used throughout this decision. Furthermore, because abortus is the applicable medical term, it is also used in this decision when appropriate.

[4] Dilatation and curettage is a procedure whereby "the ostium uteri [is expanded] to permit scraping of the walls of the uterus, a common technique used in induced abortion." *Dorland's* at 519. The ostium uteri is "the external opening of the cervix of the uterus into the vagina." *Id.* at 1350.

## II.     Legal Standard

The Vaccine Act allows a "legal representative" of any person who died as a result of the administration of a vaccine to assert a Vaccine Act claim. *See* 42 U.S.C. § 300aa-1. A "legal representative" is defined as a parent or individual who qualifies as a legal guardian. 42 U.S.C. § 300aa-33(2); *Kennedy v. Sec'y of Health & Human Servs.*, 99 Fed. Cl. 535, 542 (2011), *aff'd without op.*, 485 F. App'x 425 (Fed. Cir. 2012).

The Vaccine Act states that only one petition may be filed for each administration of a vaccine. 42 U.S.C. § 300aa-11(b)(2). "A covered vaccine administered to a pregnant woman . . . constitute[s] more than one administration, one to the mother and one to [the] child . . . who was *in utero* at the time such woman was administered the vaccine." *Id.*

In addition, the 21st Century Cures Act ("CCA") amendment to the Vaccine Act added section 11(f) to allow parents to file a petition on behalf of their child when that "child was *in utero* at the time[]" the vaccine was administered. *See* 42 U.S.C. § 300aa-11(f)(1); CCA, Pub. L. No. 115-255, 130 Stat. 1033 (Dec. 13, 2016). Section 11(f)(2) of the Vaccine Act expressly states that "the term 'child' shall have the meaning given that term by subsections (a) and (b) of [1 U.S.C. § 8.]" 42 U.S.C. § 300aa-11(f)(2). 1 U.S.C. § 8(a) defines "child" as one who is "born alive[.]" 1 U.S.C. § 8(a). In turn, "born alive" is defined as a child who "after such expulsion or extraction breathes or has a beating heart, pulsation of the umbilical cord, or definite movement of voluntary muscles . . . regardless of whether the expulsion or extraction occurs as a result of natural or induced labor, cesarean section, or induced abortion." 1 U.S.C. § 8(b). In the case of a miscarriage or stillbirth, however, a Vaccine Act claim brought on behalf of the abortus or fetus for an *in utero* vaccine injury may not be maintained. *See Neal v. Sec'y of Health & Human Servs.*, No. 17-2020V, 2018 WL 4482535, at *4 (Fed. Cl. Spec. Mstr. Jul. 24, 2018).

## III.     Discussion

Petitioner's motion to amend the case caption must be denied for two reasons. First, Petitioner may not assert more than one claim per petition. And second, Petitioner may not assert a claim on behalf of a petitioner who was not born alive.

### a.     Petitioner May Not Assert More than One Claim per Petition

If amended, Petitioner's case caption would encompass two claims, which is precluded by the Vaccine Act. 42 U.S.C. § 300aa-11(b)(2). Petitioner argues that because of her pregnancy, "both mother and unborn child are equal victims of injury[,]" and therefore she can assert a single claim on behalf of both. Pet'r's Reply at 3. However, the Vaccine Act is clear that the vaccination of a pregnant woman "shall constitute more than one administration" to the mother and each "infant who is born alive[.]" 1 U.S.C. § 8(a); 42 U.S.C. §§ 300aa-11(b)(2), 11(f)(2). Therefore, if Petitioner sustained a post vaccination injury while pregnant, any claim brought on behalf of her child *in utero* is the result of a vaccine administration apart from Petitioner's. A claim separate from the Petitioner's is necessary. Petitioner must assert one claim on her behalf for the miscarriage and subsequent severe preeclampsia and one claim on

behalf of any child born alive for his or her injury.  Petitioner's caption reading "CAMILA DO ESPIRITO SANTO, *and* Camila do Espirito Santo, on behalf of her unborn child, Petitioners" would improperly assert more than one claim for more than one vaccine administration. Therefore, Petitioner's motion is not in accordance with the Vaccine Act and must be denied.

**b.      Petitioner May Not Assert a Claim on Behalf of a Child who was Not Born Alive**

In *Neal*, the special master dismissed a petition brought by parents on behalf of their stillborn fetus for an *in utero* vaccine injury.  2018 WL 4482535, at *5.  As in this case, petitioners cited the UVVA for the proposition that "child," as used in 1 U.S.C. § 8(a), includes one "at any stage of development . . . carried in the womb[.]" *Id.* at 4.  The special master stated that "a reasonable reading of [1 U.S.C. § 8(b)] suggests that [being born alive] is a precursor element of the definition of child in [1 U.S.C. § 8(a)]." *Id.*  Because petitioners did not have a child born alive, the special master held that the facts of the case "[did] not fit the requirements of the Vaccine Act . . . for bringing a claim on an infant's behalf for [an] *in utero* vaccine injury[.]" *Id.*  Accordingly, the special master dismissed petitioners' third party claim because it "fail[ed] to state a proper claim under the requirements of the [CCA and the Vaccine Act.]" *Id.* at 5.  The special master did note, however, that the parents were not without remedy. *Id.* at 4. They could instead maintain the claim for Ms. Neal's injuries resulting from the vaccine in question. *Id.*

Here, just like the petitioners in *Neal*, Petitioner urges me to adopt the definition of "child" used in the UVVA.  Enacted in 2004, the UVVA seeks to protect "a child, who is *in utero*" from more than fifty federal offenses.  18 U.S.C. § 1841(a)(1).  The UVVA adopts a wider definition of "child" than the incorporated statutory definition of "child" in the CCA and Vaccine Act.  The CCA, however, is explicit in its definition of "child" and the availability of relief *only* to those who are "born alive." *See Neal*, 2018 WL 4482535, at *4.  As in *Neal*, there is no dispute that Petitioner's pregnancy did not result in a live birth. *Id.*  Petitioner's proposed caption would therefore assert a claim that is not actionable.  It would be in contravention of the requirements of the CCA and the Vaccine Act for claims brought on behalf of a child for an *in utero* vaccine injury.  Accordingly, Petitioner's motion must be denied.  Petitioner can maintain her separate petition for the injuries that she suffered from receiving the vaccines in question.

## IV.      Conclusion

A miscarriage is a terrible circumstance, and I am sympathetic to Petitioner's tragic loss. However, Petitioner has not established that an amended caption is warranted in this case.  I therefore **DENY** Petitioner's motion.

**IT IS SO ORDERED.**

Herbrina D. Sanders
Special Master