# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 25, 2023

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| CAMILA DO ESPIRITO SANTO, | |
| | No. 18-1725V |
| Petitioner, | |
| | Special Master Sanders |
| v. | |
| | |
| SECRETARY OF HEALTH | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| * * * * * * * * * * * * * * | |

*John F. McHugh*, Law Office of John McHugh, New York, NY, for Petitioner.
*Lynn Schlie*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On November 5, 2018, Petitioner filed a *pro se* petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. § 300aa-10 et seq. (2012); Pet. at 1, ECF No. 1. Petitioner alleged that she received the measles mumps rubella ("MMR") and influenza ("flu") vaccinations on October 15, 2016, and that these vaccines resulted in "injuries affecting the health of her fertility, such as [the] death of [her] in utero child (missed abortion), and subsequent severe preeclampsia." Pet. at 1.

On November 13, 2020, Mr. Howard Gold substituted in as her counsel of record. *See, e.g.*, ECF No. 43. Mr. Gold withdrew from Petitioner's claim in May of 2021, when he determined there was a potential reasonable basis issue if the case were to proceed. *See, e.g.*, ECF Nos. 49, 51–52. Mr. John McHugh submitted a motion to substitute in as Petitioner's counsel on May 4, 2021, which I granted. ECF No. 54. On August 31, 2022, I issued a decision on entitlement, finding that Petitioner was not entitled to compensation and dismissing her claim. Decision, ECF No. 65.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Prior to Mr. Gold's withdrawal and the dismissal of Petitioner's claim, Petitioner filed a motion for attorneys' fees and costs on behalf of Mr. Gold on March 28, 2021. Pet'r's Mot. for Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 51. Petitioner requests total attorneys' fees and costs for Mr. Gold in the amount of **$16,084.00**, representing **$10,684.00** in attorneys' fees and **$5,400.00** in attorneys' costs. Pet'r's Mot. for AFC at 8–9. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any expenses in pursuit of her claim. *Id.* at 1. Respondent filed his response on April 12, 2021, deferring to my judgment as to whether the statutory requirements for an award of attorneys' fees and costs were met in this case. Resp't's Resp. at 2, ECF No. 53.

Petitioner's current counsel, Mr. John McHugh, adopted Petitioner's former counsel Mr. Gold's motion for attorneys' fees and costs on April 18, 2022, prior to the dismissal of Petitioner's claim. Pet'r's Supp. Mot. for Attorneys' Fees and Costs [hereinafter "Pet'r's Supp. Mot. for AFC"], ECF No. 62. Mr. McHugh did not seek any additional fees or costs. *See id.* Respondent submitted a separate response on April 26, 2022, indicating that he "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3, ECF No. 63. Petitioner did not file a reply thereafter. This matter is now ripe for consideration.[3]

## I.  Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Avera,* 515 F.3d at 1348. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Avera,* 515 F.3d at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and

---

[3] As this case is now closed, I am construing Petitioner's motion as one for final attorneys' fees and costs although it was filed prior to the dismissal of her claim.

reputation." *Id.* at 895, n.11. Petitioners in the Program bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, 2022, and 2023 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of her former counsel, Mr. Howard Gold: $410.00 per hour for work performed in 2020, and $422.00 per hour for work performed in 2021. The rates requested are consistent with what counsel has previously been awarded for his Vaccine Program work, and I find them to be reasonable herein.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728–29 (2011) (affirming the special master's reduction of attorney and paralegal hours). Billing for administrative tasks is not appropriate. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.,* No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.,* No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch,* 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to the full amount of attorneys' fees sought, **$10,684.00**.

### c. Attorneys' Costs

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*. *See* 2015 WL 5634323.

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of **$5,400.00** in attorneys' costs, comprised of work performed by Petitioner's medical expert, Dr. Leslie M. Hansen Lindner. Pet'r's Mot. for AFC at 9–10. Petitioner has provided adequate documentation of this expense, and it appears reasonable in my experience.[5] *See id.* Accordingly, Petitioner is awarded attorneys' costs in the amount of **$5,400.00.**

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), I have reviewed the billing records and costs in this case and find that Petitioner's request for final fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Final Attorneys' Fees Requested | $10,684.00 |
| (Reduction to Fees) | - |
| **Final Attorneys' Fees Awarded** | **$10,684.00** |
| | |
| Final Attorneys' Costs Requested | $5,400.00 |
| (Reduction of Costs) | - |
| **Final Attorneys' Costs Awarded** | **$5,400.00** |
| | |
| **Final Attorneys' Fees and Costs** | **$16,084.00** |

**Accordingly, I award a lump sum in the amount of $16,084.00, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Mr. John McHugh, on behalf of Mr. Howard Gold.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] In awarding the full amount of expert costs sought, I am not specifically endorsing any particular hourly rate for the work of the medical expert. Rather, in light of the work product submitted, I find the total amount for the expert's work to be reasonable.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.